UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

GLORIA CREQUE

CIVIL ACTION

VERSUS

NUMBER 09-370-RET-SCR

AMERICAN AIRLINES, INC., ET AL

**NOTICE**

 Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

 In accordance with 28 U.S.C. §636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

 ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

 Baton Rouge, Louisiana, November 17, 2009.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

GLORIA CREQUE

VERSUS

AMERICAN AIRLINES, INC., ET AL

CIVIL ACTION

NUMBER 09-370-RET-SCR

**MAGISTRATE JUDGE'S REPORT**

This case is before the court on an order for the plaintiff to show cause why her claims against defendant Miami International Airport should not be dismissed.  Record document number 9.  No response to the order has been filed.

A review of the record showed that defendant Miami International Airport has not filed an answer or other responsive pleading, and there is no indication in the record that it was served with a citation and the state court petition prior to removal nor with a summons and the petition after removal.

The time for the plaintiff to serve defendant Miami International Airport, as provided by Rule 4(m), Fed.R.Civ.P., has expired.  Pursuant to Rule 4(m), the failure to timely serve a defendant may result in dismissal of the claims against that defendant.  In the event defendant Miami International Airport has been served, pursuant to Local Rule 41.3M, the court may dismiss the claims against a defendant when no responsive pleadings have been filed or no default has been entered within 60 days after

service of process on that defendant.

Consequently, the plaintiff was ordered to show cause why her claims against defendant Miami International Airport should not be dismissed (1) for failure to timely serve it, or (2) for failure to prosecute pursuant to Local Rule 41.3M.  A written response to this order was required.  Plaintiff was put on notice that no oral argument will be heard, and that her failure to timely file a written response to this order will be construed as the plaintiff's consent to dismissal of her claims against this defendant.

Plaintiff file no response to the show cause order, and nothing in the record supports finding good cause to extend the time for the plaintiff to serve defendant Miami International Airport.

## Recommendation

Is the recommendation of the magistrate judge that the plaintiff's claims against defendant Miami International Airport be dismissed for failure to timely serve the defendant pursuant to Rule 4(m).

Baton Rouge, Louisiana, November 17, 2009.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE